IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  1:25-cr-00332-ADA |
| | ) | |
| JAMES WESLEY BURGER | ) | |

**GOVERNMENT'S AMENDED NOTICE PURSUANT TO F.R.E. 404(B)**

COMES NOW, the United States of America, by and through its undersigned counsel, Mark T. Roomberg, Assistant United States Attorney, and hereby files its Amended Notice Pursuant to Federal Rule of Evidence 404(b), and states:

1. The defendants are hereby cautioned that, consistent with the Judiciary Committee report, Rule 404(b) does not cover other bad acts that are intrinsic or inextricably intertwined with other conduct relevant and material to this criminal cause.  The Senate Judiciary Committee declared in its comment to Rule 404(b) that

> [t]he amendment does not extend to evidence of acts which are "intrinsic" to the charged offense, *see United States v. Williams*, 900 F.2d 823 (5th Cir. 1990) (noting distinction between 404(b) evidence and intrinsic offense evidence).  Nor is the amendment intended to redefine what evidence would otherwise be admissible under Rule 404(b).  Finally, the Committee does not intent through the amendment to affect the role of the court and the jury in considering such evidence.  *See United States v. Huddleston*, 485 U.S. 681, 108 S. Ct. 1496 (1988).

Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Senate Report No. 93-1227, 1991 Amendment.

2. The Fifth Circuit has held that

> " 'Other act' evidence is 'intrinsic' when the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990).  This evidence is admissible to complete the story of the crime by proving the immediate

context of events in time and place. *United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir.1981); *see also, United States v. Royal*, 972 F.2d 643, 647 (5th Cir.1992), cert. denied, 507 U.S. 911, 113 S.Ct. 1258, 122 L.Ed.2d 655 (1993) (intrinsic evidence admissible so the jury may evaluate all the circumstances under which the defendant acted). Intrinsic evidence does not implicate Rule 404(b), and "consideration of its admissibility pursuant to Rule 404(b) is unnecessary." *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir.), *cert. denied*, --- U.S. ----, 115 S.Ct. 531, 130 L.Ed.2d 435 (1994).

*United States v. Coleman*, 78 F.3d 154 (5th Cir. 1996).

      3.      It is the position of the United States that the following are intrinsic to the charged crimes and show the Defendant was serious about his threats to attack Christians and a Christian concert and not "joking" as the opposing counsel has said the Defendant's defense will be: (1) the Defendant's statements captured by the keylogger on his computer on July 24, 2024,[1] December 10, 2024,[2] January 27, 2025,[3] February 3, 2025;[4] (2) Roblox records where the Defendant provided bomb-making instructions to an individual purporting to be in Russia; (3) his Google search terms, including his research of "lone wolf terrorist isis," "Festivals happening near me," suicide attacks, firearm ammunition, "most effective knife type," "what is punishment for the one who insults allah or his messenger"; (4) the Defendant's February 10, 2025, online conversation about wanting to do a stabbing attack like his friend in Europe; (5) his bombmaking plans the Defendant made while in State custody and discovered by the Marshals; (6) the Defendant's posted photographs of himself holding firearms; (7) the Defendant's jailhouse comments to his aunt when she asked him if she had said something against Mohammad would the defendant harm her and he responded that would be a "redline" for him, which the aunt understood to mean the answer to her question was

---

[1] Defendant typed he wants to attack the Austin Police Department and kill police officers. The Defendant also pledges allegiance to the head of the Islamic State.
[2] Defendant stated to the other person in a Roblox discussion not to discuss the matter as "it is very unsafe And leads to authorities becoming suspect of your actions or intentions."
[3] Count 2.
[4] "We're getting our knives sharpened for your throats assdwawdsaawassssw/Mock us all you want but the spark has been lit /The spark of your demise / /You're going to kneel /What happens after is of no knowledge to me."

yes; (8) the Defendant's uncle putting a keylogger on the family computer because of concern about the Defendant's activities; (9) the Defendant's uncle moving his firearms out of the house because of concern for the Defendant's behavior; (10) Defendant sending Islamic State propaganda, including beheading images; (11) while in the Roblox platform, the Defendant using the screen name Crazz3pain stated "anyone whom leaves his lands…and dies a Shaheed [martyr] will receive immense rewards… [and] if it became necessary…[he] would sacrifice [himself] in a frenzy 100%." The Defendant explained that by "frenzy" he meant "in a blaze of iron and metal…raining bullets upon disbelievers and their soldiers/police" and that he had already trained with firearms. Also, (12) the Defendant sending a on March 26, 2024, message on 4-chan that his highest ambition was to be a successful serial killer along with violent misogynistic and racist comments; and (13) when the Defendant was a freshman in high school, he attempted to take a firearm to school, but was presented by his grandmother. Therefore, these items, which were previously provided in discovery, are intrinsic to the crime and are not extrinsic evidence.

4. However, if the Court determines that any of the Defendant's bad acts as listed above are extrinsic, the United States intends to use this evidence, during the trial in the above captioned case relating to other crimes, wrongs, and acts of the Defendant as listed in Paragraph 3 of this document, *supra*, whether convicted of these crimes or not, to show the Defendant's knowledge, motive, opportunity, intent, preparation, plan, identity or absence of mistake or accident, and predisposition to commit the charged crimes.

5. The Fifth Circuit has stated that

The exclusion of evidence under Rule 403 should occur only sparingly:

Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be

3

cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.

*United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979); *see United States v. Portillo,* 060 F.3d 144, 179 (5th Cir. 2020).

        Respectfully submitted,

        JUSTIN R. SIMMONS
        United States Attorney

        /s/
        MARK T. ROOMBERG
        Assistant United States Attorney
        State Bar 24062266
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        (210) 384-7140

## CERTIFICATE OF SERVICE

I certify that on November 12, 2025, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> Jose Falla-Gonzalez
> Charly Herring
> Federal Public Defenders Office
> *Attorney for Defendant*

/s/
MARK T. ROOMBERG
Assistant United States Attorney