UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | NO.   A-25-CR-00332 (ADA) |
| | § | |
| JAMES WESLEY BURGER | § | |

**POST-HEARING SUPPLEMENT TO MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ALAN D. ALBRIGHT:

The Defendant James Wesley Burger, through counsel, respectfully submits this Post-Hearing Supplement to his Motion to Dismiss (ECF No. 53), to address issues raised by the Court at the hearing on his motion:

**I.   The Court, not the Jury, is the Appropriate Adjudicator of Mr. Burger's First Amendment Motion to Dismiss**

At the hearing, the Court questioned whether it was better to allow the jury to decide if the threats contained in the indictment qualified as true threats. Because this question is a legal one, and because of the Court's special skill resolving questions relating to the protections provided by the First Amendment, this Court is the proper adjudicator of whether the communications are true threats.

"The propriety of granting a motion to dismiss an indictment by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. If a question of law is involved, then consideration of the motion is generally proper." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (cleaned up); *see also United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a

reasonable doubt."). "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *Id.*

An indictment should be dismissed if the specific facts alleged in the charging document do not, as a matter of law, satisfy the elements of the offense. *See United States v. Paranella*, 277 F.3d 678, 685 (3d Cir. 2002) *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358, 410 (2010)) ("[A] charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation."); *United States v. Alkhabaz*, 104 F.3d 1492, 1493 (6th Cir. 1997) (concluding that the indictment failed, "as a matter of law," to allege violations of § 875(c)); *United States v. O'Dwyer*, No. 10-CR-00034, 2010 WL 2606657 at *2-3 (E.D. La. Jun. 24, 2010) (dismissing indictment because plain language of alleged threat did not constitute a threat under § 875(c)).

Where, as here, a person's speech is at issue, the determination of whether a person's speech is a "true threat" falls appropriately in the hands of the Court. *See United States v. Lincoln*, 403 F.3d 703, 705-06 (9th Cir. 2005); *see also Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 510–11 (1984) ("[Judges]—and particularly Members of this Court—must exercise such review in order to preserve the precious liberties established and ordained by the Constitution."). The First Amendment, and the freedom to "speak one's mind" is essential to liberty, but not all categories of speech are protected by the First Amendment. *Bose*, 466 U.S. at 503–04. One such category is "true threats." *Counterman v. Colorado*, 600 U.S. 66, 73 (2023). "[T]he limits of the unprotected category, as well as the unprotected character of particular communications, have been determined by the judicial evaluation of special facts that have been deemed to have constitutional

significance." *Bose*, 466 U.S. at 505. "The principle of viewpoint neutrality that underlies the First Amendment itself, also imposes a special responsibility on judges whenever it is claimed that a particular communication is unprotected." *Id.* (internal citation omitted).

In *Bose*, the Supreme Court held that under the constitutional fact doctrine, courts "conduct[ ] an independent review of the record both to be sure that the speech in question actually falls within the unprotected category and to confine the perimeters of any unprotected category within acceptably narrow limits ... to ensure that protected expression will not be inhibited." *Id.* Constitutional facts are facts—such as whether a statement is a true threat—that determine the core issue of whether the challenged speech is protected by the First Amendment. *United States v. Hanna*, 293 F.3d 1080, 1088 (9th Cir. 2002).

Thus, whether a written communication contains either constitutionally protected speech or an unprotected "true threat" is a question of law. *United States v. Bly*, 510 F.3d 453, 457 (4th Cir. 2007). While *Bose* was considering the scope of an appellate court's review, it is clear that the determination of whether a person's speech is a "true threat" falls appropriately in the hands of the Court. As the Supreme Court noted:

> When the standard governing the decision of a particular case is provided by the Constitution, this Court's role in marking out the limits of the standard through the process of case-by-case adjudication is of special importance. This process has been vitally important in cases involving restrictions on the freedom of speech protected by the First Amendment, particularly in those cases in which it is contended that the communication in issue is within one of the few classes of "unprotected" speech.

*Bose*, 466 U.S. at 503.

Likewise, the Supreme Court has also recognized that when a statute "makes criminal a form of pure speech," the statute "must be interpreted with the commands of the First Amendment clearly in mind." *Watts v. United States*, 394 U.S. 705, 707 (1969). In *Watts*, the Court was considering a similar statute concerning threats against the President, 18 U.S.C. § 871(a). *Id.*

"What is a threat must be distinguished from what is constitutionally protected speech." *Id.* Furthermore, the Supreme Court has held, in the context of 18 U.S.C. § 2381[1], that "[w]hen facts are found that establish the violation of a statute, the protection against conviction afforded by the First Amendment is a matter of law" requiring a judicial determination. *Dennis v. United States*, 341 U.S. 494, 513 (1951).

Thus, whether or not a prosecution under § 875(c) encroaches on constitutionally protected speech is a question appropriately decided by the Court as a threshold matter. *United States v. Baker*, 890 F. Supp. 1375, 1385 (E.D. Mich. 1995), *aff'd sub nom. United States v. Alkhabaz*, 104 F.3d 1492 (6th Cir. 1997). Numerous courts have recognized that "[i]n the usual case, whether a communication constitutes a threat or a true threat is a matter to be decided by the trier of fact. Nonetheless, a few cases may be so clear that they can be resolved as a matter of law." *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013) (internal citations omitted) (cleaned up). As the Third Circuit recognized in *Stock*:

> It is not unprecedented for a court to conclude that a communication does not legally qualify as a threat or a true threat. Indeed, in *Watts,* the Supreme Court held as a matter of law that the defendant's statement was merely "political hyperbole" that did not fit within the definition of the phrase "true 'threat.'"

*Id.*

Similarly, in *United States v. Landham*, the Sixth Circuit reversed the district court's denial of the defendant's motion to dismiss, concluding that "the indictment failed, *as a matter of law,* to allege a violation of § 875(c)" since the alleged statement was "not a communication containing a [true] threat." *United States v. Landham*, 251 F.3d 1072, 1082-83 (6th Cir. 2001) (emphasis added).

---

[1] The Smith Act makes it a crime knowingly or willfully to advocate the overthrow or destruction of the United States government by force or violence.

**II.     The True Threat Determination Is Best Decided as a Threshold Matter Because it cannot be left to the Trier of Fact**

Whether the statements the government alleged in the indictments are constitutionally protected speech is a legal issue—one appropriately determined by the Court as a threshold matter. While in the usual case, the question of whether a communication constitutes a threat may be left to the trier of fact, but when the communication is "so facially insufficient that it cannot possibly amount to a true threat," a Court may properly dismiss the indictment. *Baker*, 890 F. Supp. at 1385. Thus, many district courts have dismissed an indictment for failing to allege a true threat. *See, e.g.*, *Baker*, 890 F. Supp. at 1385; *O'Dwyer*, No. 10-CR-00034, 2010 WL 2606657. And appellate courts have repeatedly reaffirmed a district court's right to dismiss an indictment for failing to allege a true threat as a matter of law. *See, e.g.*, *Alkhabaz*, 104 F.3d at 1496; *Landham*, 251 F.3d at 1083 (6th Cir. 2001) (holding district court erred in denying motion to dismiss indictment because the indictment failed as a matter of law to allege a violation of § 875(c)).

**III.    The Magistrate Judge's Probable Cause Determination to Issue a Search Warrant Seeking Evidence about Threats Is Not Due any Deference**

The Court asked whether Magistrate Judge Lane's issuance of a search warrant based upon the statements alleged in the indictment weighed in favor of allowing the jury to decide whether the threats were true. The different legal standards for probable cause and for Rule 29 motion separate the two matters. One has nothing to do with the other. Probable cause requires a low threshold of proof. *Illinois v. Gates*, 462 U.S. 213, 235 (1983) ("Finely tuned standards such as proof beyond a reasonable doubt or by preponderance of the evidence, useful in formal trials, have no place in the magistrate's [probable cause] decision" to issue a warrant). To grant a Rule 29 motion for judgement of acquittal, the Court must find that no rational juror could find the defendant guilty beyond a reasonable doubt.

In this case, the alleged threats are deficient as a matter of law. No rational juror could find them to be serious expressions of an intent to injure and do harm. Mr. Burger provided the Court with jurisprudence that shows the statements to be non-serious statements given the gaming context in which they were made and the vague content which they contained. The words the Government claims to be threats are not in dispute. What is in dispute is their legal consequence. Are the words sufficient to convey a true threat? Are they sufficient as a matter of law to be weapons that deserve no First Amendment Protection.

The Court can best decide this, without the fear or emotion that may cloud a jury's untrained judgment. There is no reason to defer to a jury, or to allow the Government the opportunity to present additional evidence. The words in the indictment speak for themselves. They do not speak threats.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ JOSE I. GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
Bar Number: Texas 08135700

                    /s/ CHARLOTTE A. HERRING
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24064026

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark Roomberg
Keith Henneke
United States Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, TX 78701

                    /s/ JOSE I. GONZALEZ-FALLA