IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  1:25-CR-00332-ADA |
| | ) | |
| JAMES WESLEY BURGER | ) | |

**GOVERNMENT'S POST-HEARING SUPPLEMENT IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Count 2 of the Superseding Indictment alleges the Defendant stated in a chatroom on January 26, 2025:

> I've come to conclude it will befall the 12 of Shawwal aa/And it will be a music festival/Attracting bounties of Christians s/In'shaa'allah we will attain martyrdom/And deal a grievous wound upon the followers of the Cross /Pray for me and enjoin yourself to martyrdom

(Dkt. 40 at 2).

By even the Defendant's definition, this is on its face a "true threat."[1] The Defendant was threatening to attack a specific place, a Christian music festival, on the specific date of April 12 (the evidence will show that "the 12 of Shawwal" means April 12), threatening to attack and kill the Christians at that music festival ("deal a grievous wound upon the followers of the Cross"), in order to achieve martyrdom. The government expects that the evidence will show:

---

[1] Similarly, Count 1's allegation of a threat to "deal a grievous wound upon the followers of the Cross" is a true threat.

- that there was a prominent Christian concert scheduled for April 12, 2025 in Austin, Texas;

- that both before and after the threat was made, Defendant visited the website for LiveNation, the company promoting and selling tickets for that April 12 Christian concert;

- that Defendant's phone showed a Google search for "Festivals happening near me," albeit absent date information;

- that in a Discord chat on January 2, 2025, Defendant wrote "May our lives be sanctified in martyrdom for the sake of Allah subhanahu wa ta'ala, Amin";

- that before and after the threat was made, Defendant was visiting military surplus and gun websites like "sixgunsurplus.com" and "kommandostore.com";

- that on February 10, 2025, Defendant stated in a Discord chat that he was "Putting some money aside for a suppressor";

- that on January 31, 2025, Defendant stated in a Discord chat that "I've been doing some good proper rifle training…Mostly scope and ranged work."

- as will show in the Government's exhibits to be filed with the Court on November 21, 2025, the Defendant started his plan to attack a Christian concert long before the indicted threats and continued after his threats to further his plans to carry out an attack on April 12, 2025. These exhibits are intrinsic to the charged crimes and show the Defendant knew, intended, and/or recklessly made the indicted threats.

This evidence shows that the statement by the Defendant on January 27 was a true threat, regardless of the platform on which Defendant chose to communicate it, or at the very least raises a factual issue for the jury to decide at trial.

Count 3 of the Superseding Indictment alleges the Defendant stated in a chatroom on January 21, 2025:

> I have guns In[ ]case the authorities want to arrest me…I am ready To sacrifice my life for my Rabb….[The Defendant would] Detonate what I've prepared Of munitions And use my firearms To take many with me, [and] Yes wish me luck on On the path of martyrdom In'shaa'allah"

(Dkt. 40 at 3).

This is also a true threat, very similar to the statements alleged in *United States v. Elonis*. 841 F.3d 589 (3rd Cir. 2016). In *Elonis*, the defendant was convicted of four counts of making threats under 18 U.S.C. § 875(c). *Id*. at 591. Count Three in that case was based on the statement, "And if worse comes to worse, I've got enough explosives to take care of the state police and Sheriff's Department." *Id*. at 594. The convictions were ultimately upheld by the Third Circuit. *Id*. at 601.[2] The statements alleged in Count 2 are substantially similar. Both include a future threat to harm law enforcement if law enforcement takes action against the speaker. Accordingly, they both constitution a true threat, or at the very least raise a factual issue for the jury to decide at trial.

**ANY QUESTION OF FACT SHOULD BE DECIDED BY THE JURY**

The Fifth Circuit has explained that "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975), *citing Costello v. United States*, 350 U.S. 359, 363 (1956). To be sure,

---

[2] The convictions were initially upheld on direct appeal to the Third Circuit. On appeal to the Supreme Court, the Supreme Court reversed and vacated the Third Circuit's opinion based on questions of whether the jury was properly instructed on the necessary mental state. *Id*. at 596; *Elonis v. United States*, 575 U.S. 723 (2015). On remand, the Third Circuit found any error in the jury instructions was harmless and upheld the convictions. *Id*. at 601.

the Fifth Circuit has permitted consideration of pretrial motions to dismiss challenging the viability of the charges *as a matter of law*. *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005), *abrogated on other grounds*, Abramski v. United States, 573 U.S. 169, 191 (2014). But, a court's review of the legal viability of charges is limited. The "propriety of granting a motion to dismiss an indictment…by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *Id.* While questions of law can properly be considered, *Flores*, 404 F.3d at 320, "'[t]here is no authority under Rule 12…to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue,'" *Mann*, 517 F.2d at 267, *quoting United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973). Pretrial resolution is not appropriate in cases where the motion depends on resolving questions of fact. *See United States v. Rafoi*, 60 F.4th 982, 994 (5th Cir. 2023); *United States v. Guthrie*, 720 F. App'x 199, 201 (5th Cir. 2018). "No circuit . . . allows [pretrial] review on an incomplete or disputed factual record." *United States v. Rodríguez-Rivera*, 918 F.3d 32, 35 (1st Cir. 2019) (cleaned up).[3] Because the questions of fact here are and were disputed, Rule 12 does not authorize pretrial resolution of the viability of the charge.

A pretrial motion to dismiss is "'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of *no assistance* in determining the validity of the defense" raised by that motion. *United States v. Covington*, 395 U.S. 57, 60 (1969)(emphasis added). As evidenced by the Court's very detailed questioning of counsel regarding the facts surrounding the making of the statements in question, clearly those facts are of consequence in

---

[3] *See also United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021); *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021); *United States v. Pope*, 613 F.3d 1255, 1257 (10th Cir. 2010) (Gorsuch, J.) ("If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial.").

4

determining whether the statements at issue constitute "true threats" or not, and thus that is a matter for the jury to decide.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

/s/
KEITH HENNEKE
Assistant United States Attorney
Texas Bar No. 24054497
903 San Jacinto Blvd., Ste. 334
Austin, Texas 78701
(512) 370-1291

MARK T. ROOMBERG
Assistant United States Attorney
Texas Bar No. 24062266
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System that will transmit notification of such filing to the following CM/ECF participants:

Jose Gonzalez-Falla
Charly Herring
Attorneys for Defendant

/s/
KEITH HENNEKE
Assistant United States Attorney

5