UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.   A-25-CR-00332 (ADA) |
| | § | |
| JAMES WESLEY BURGER | § | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO STAY ORDER DISMISSING SUPERSEDING INDICTMENT AND RELEASE PENDING TRIAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ALAN D. ALBRIGHT:

On November 24, 2025, this Court orally dismissed James Burger's indictment. During the hearing, the Court inquired with the Government if Mr. Burger would be released, to which the Government responded he would. The Government made no representation that they were intending to seek a stay of this Court's order dismissing the Indictment or of Mr. Burger's release. Despite this, the Government almost immediately after the hearing filed a motion to say the order dismissing the superseding indictment and release pending appeal. ECF Doc. No. 72. Mr. Burger objects to the Government's motion. Without an Indictment, there is no authority to detain Mr. Burger.

I.   **There is no authority to detain Mr. Burger following the dismissal of his Indictment**

The Government's appeal of a district court order in a criminal case is governed by 18 U.S.C. § 3731, which provides:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

18 U.S.C. § 3731. Furthermore, 18 U.S.C. § 3143 governs release or detention of a defendant pending an appeal. Section 3143(c) provides that the Court "shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless

the defendant is otherwise subject to a release or detention order." In cases where the defendant has not been sentenced to a term of imprisonment, the Court is directed to "release or detain the person under section 3142." *Id*. Section 3142 provides the ordinary procedures for pretrial release or detention of a "***person charged with an offense***[.]" 18 U.S.C. § 3142(a) (emphasis added).

Thus, § 3142 provides that a detention or release order shall issue upon the appearance of a "person charged with an offense[.]" 18 U.S.C. § 3142(a). Mr. Burger is no longer charged with an offense and therefore cannot be detained pursuant to § 3142. *See, e.g., Unites States v. Arteaga-Centeno*, 360 F. Supp. 3d 1022, 1023-25 (N.D. Cal. 2019). As the court explained in *Arteaga-Centeno*, "once this Court granted Defendant's Motion to Dismiss, there was no 'charged offense' on which the Court could order him detained." *Id*. at 1024 (cleaned up). Other courts that specifically consider this issue have found the same. *See, e.g., United States v. Hudson*, 3 F. Supp. 3d 772, 790 (C.D. Cal.), *rev'd and remanded on other grounds sub nom. United States v. Dunlap*, 593 F. App'x 619 (9th Cir. 2014); *United States v. Sales*, No. 2:13-cr-137, 2014 WL 3728364 at *3-4 (D. Me. July 25, 2014).

The Government cites no authority to support its position that Mr. Burger can be detained pending appeal—let alone any authority supporting its argument to detain Mr. Burger while the Government "confer[s] with the Solicitor General on whether to appeal." ECF Doc. No. 72 at pg. 1. Without an Indictment, there is no authority to detain Mr. Burger, and he respectfully requests the Court deny the Government's motion.

II.     **The Court should not stay its dismissal order**

The Government also argues that the Court should stay its dismissal order pending appeal. ECF Doc. No. 72. The Court should deny this request.

The Fifth Circuit has explained that a stay is an "extraordinary remedy[.]" *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022). A motion for a stay requires consideration of:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*See E.T. v. Paxton*, 19 F.4th 760, 764 (5th Cir. 2021) (citations omitted). The Government has failed to make any argument as to any of the required factors. *See* ECF Doc. No. 72.

As to the first factor, the Government must make a "strong showing" that it is likely to succeed on the merits of its appeal, not a "mere possibility of relief." *Burgess v. Fed. Deposit Ins. Corp.*, 871 F.3d 297, 300 (5th Cir. 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The Government has made no showing, let alone a "strong showing," that it is likely to succeed on the merits of its appeal.

Nor is there any possibility that the Government will be irreparably injured absent a stay. In contrast, Mr. Burger will be substantially injured by the imposition of a stay. If the Court's order dismissing the superseding indictment is stayed, Mr. Burger will be subject to continued detention. Further, as discussed above such continued detention is likely unlawful. Sitting indefinitely in a jail cell, particularly for an unconstitutional charge, is among the most egregious harms imaginable. "To a prisoner, this prospect of additional time behind bars is not some theoretical or mathematical concept. Any amount of actual jail time is significant and has exceptionally severe consequences for the incarcerated individual and for society which bears the direct and indirect costs of incarceration." *Rosales-Mireles v. United States*, 585 U.S. 129, 139 (2018) (cleaned up); *cf. Ingraham v. Wright*, 430 U.S. 651, 673-74 (1977) ("While the contours of this historic liberty interest in the context of our federal system of government have not been defined precisely, they always have been thought to encompass freedom from bodily restraint and punishment. It is fundamental that the state cannot hold and physically punish an individual except in accordance with due process of law.") (cleaned up).

Finally, the public interest does not support continued detention. The public does not have an interest in detaining a person where the Court has already found that the Indictment should be dismissed.

Even if this Court has the power to issue the requested stay, the Government has failed to meet its burden for such extraordinary relief. *See E.T.*, 19 F.4th at 764. Mr. Burger, therefore, requests the Court deny the Government's request for a stay.

### III.  Conclusion

For the foregoing reasons, this Court should deny the Government's Motion.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ JOSE I. GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
Bar Number: Texas 08135700

_____
/s/ CHARLOTTE A. HERRING
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24064026

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of November 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark Roomberg
Keith Henneke
United States Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, TX 78701

                                                _____
                                                /s/ JOSE I. GONZALEZ-FALLA