UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | NO. 1:25-CR-00332-ADA |
| JAMES WESLEY BURGER ) | |
| ) | |

## ORDER

This matter before the Court on the Government's Motion to Stay Order Dismissing Superseding Indictment and Release Pending Appeal. The Court has reviewed the Motion and James Burger's Response, as well as the applicable law and relevant facts.

On November 24, 2025, the Court orally dismissed Mr. Burger's indictment, and a written order reflecting that dismissal is forthcoming. 18 U.S.C. § 3142 provides that a detention or release order shall issue upon the appearance of a "person charged with an offense[.]" 18 U.S.C. § 3142(a). The Court agrees that Mr. Burger is no longer charged with an offense following the Court orally dismissing the indictment, and therefore Mr. Burger cannot be detained pursuant to § 3142. Therefore, the Court finds that Mr. Burger should not remain detained.

Further, the Court does not find that its order dismissing Mr. Burger's indictment should be stayed pending appeal. Under Fifth Circuit law, a stay is an "extraordinary remedy[.]" *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022). A motion for a stay requires consideration of:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*See E.T. v. Paxton*, 19 F.4th 760, 764 (5th Cir. 2021) (citations omitted). The Government has failed to make any showing of any of the required factors and the Court does not find that the extraordinary remedy is warranted here. While the Government asserts that Mr. Burger is a danger to the community based on the crimes for which he was indicted, the Government fails to make a clear showing to support that assertion and fails to clearly address the required factors. *See* Dkt. 72. The Court therefore finds that a stay pending the Government's appeal is inappropriate in this case.

IT IS HEREBY ORDERED that the Government's Motion to Stay Order Dismissing Superseding Indictment is **DENIED.**

IT IS FURTHER ORDERED that the Government's Motion to Stay Release Pending Appeal is **DENIED.**

**SIGNED** on November 25, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE