UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| V. § | CAUSE NO. A-25-CR-00332-ADA |
| § | |
| JAMES WESLEY BURGER § | |

**MOTION FOR RELEASE PENDING GOVERNMENT APPEAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ALAN D. ALBRIGHT:

Pursuant to 18 U.S.C. §§ 3142(b), (c), and 3143(c), Defendant James Wesley Burger respectfully moves this Court for release pending the government's appeal.

I.

After this Court dismissed the superseding indictment against Burger and ordered him to be released from custody, the government filed an emergency motion with the Fifth Circuit Court of Appeals to stay the dismissal order. The government failed to provide the Fifth Circuit with transcripts from the hearings that led to the order dismissing the indictment. The Fifth Circuit has not yet ruled on the merits of the emergency stay motion. However, today, December 3, 2025, the Fifth Circuit issued an administrative 10-day stay to allow time to receive this Court's reasons for the dismissal order and transcripts from the hearings. In the Circuit's order, it stated the "entry of the temporary administrative stay does not affect any relief that the district court may provide pursuant to 18 U.S.C. § 3143."

Under § 3143(c), in a case in which the government appealed under 18 U.S.C. § 3731, the judicial officer shall treat the defendant in accordance with 18 U.S.C. § 3142. Under § 3142(b),

the Court can release the defendant on personal recognizance or unsecured appearance bond. If, however, the Court finds that "such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the Court can release the defendant subject to conditions. §3142(c). James Burger requests that the Court release him on personal recognizance, § 3142(b), or with conditions, § 3142(c).

## II.

Burger poses no flight or safety risk. Burger, who is 19 years old, lives with his family. Prior to his arrest, he was a high school senior. Burger has no driver's license or vehicle. Burger is not a flight risk. He has no criminal record. The alleged offenses took place in the virtual world. No true threat arose from the gaming environment in which the chats occurred. Burger has no firearms, weapons, or munitions. Burger does not pose a danger to the community. The Government did not object in court when the Court ordered Burger released. Its failure to make a timely objection then undermines its complaint now about his release.

Since this Court dismissed the superseding indictment, Burger was released from the Burnet County Jail and went to live with his aunt. She has been supportive of Burger. Burger continued to attend counselling that had commenced while he was incarcerated. His grandfather travelled to Austin and was taking him back to Florida to live with him, when the Fifth Circuit's administrative stay was issued. He had gotten as far as Louisiana his grandson before stopping the trip after counsel told him that the Government had obtained a temporary stay of the dismissal order and would be seeking a hearing to seek Burger's detention. They are now awaiting further guidance.

Burger requests that the Court release him on personal recognizance, § 3142(b), or with conditions, § 3142(c). He submits that no hearing is necessary. The Government's efforts to seek detention lacks merit. It defies the District Court's order releasing him, an order which the Government did not contemporaneously object to in open court with the parties present. Instead, it waited until the Court was adjourned before seeking a stay of the order dismissing the indictment. The Government has no new evidence to present to support Mr. Burger's detention. The Court dismissed the Government's indictment against Mr. Burger finding that it violated Mr. Burger's right to free speech under the First Amendment. The Government's disagreement with the Court's order lacks merit.

FOR THESE REASONS, James Burger respectfully moves for release pending the government's appeal.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ JOSE GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
504 Lavaca Street, Suite 960
Austin, Texas 78701
(512) 916-5025
(512) 916-6035 (Fax)
State Bar Number: 081365700

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2025, I electronically filed the foregoing Defendant's RELEASE PENDING GOVERNMENT APPEAL with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark Roomberg
Assistant United States Attorney
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216

/s/ JOSE GONZALEZ-FALLA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| V. | § | CAUSE NO. A-25-CR-00332-ADA |
| | § § | |
| JAMES WESLEY BURGER | § | |

**ORDER**

On this date came on to be considered Defendant's Motion for RELEASE PENDING GOVERNMENT APPEAL thereon and the Court, after considering same, is of the opinion that said motion should be GRANTED.

Accordingly, it is

ORDERED that

Signed this _____ day of _____, 2025.

_____
ALAN D. ALBRIGHT
United States District Judge