# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:25-CR-00332-ADA |
| | ) | |
| JAMES WESLEY BURGER | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING GOVERNMENT APPEAL

COMES NOW, the United States of America, by and through its undersigned attorneys, and hereby files its response in opposition to Defendant James Wesley Burger's Motion for Release Pending Government Appeal. ECF 81. Burger's motion seeks the very result the Fifth Circuit intervened on an emergency basis to prevent: his indefinite release without supervision. The government opposes Burger's request for release on personal recognizance without a full hearing. The government maintains that Burger poses a significant risk to public safety and is a flight risk. A hearing is necessary to determine whether Burger should be detained or released and, if he is released, what conditions would reasonably protect the public and ensure his appearance.

On December 3, 2025, the Fifth Circuit administratively stayed this Court's dismissal of the superseding indictment and order releasing Burger from custody:

> The court hereby enters a temporary administrative stay of ten days, to give the district court time to: (1) provide its reasons for dismissing the superseding indictment against James Wesley Burger and ordering him released from custody, Fed. R. Crim. P. 12(d); and (2) provide this court with a transcript of Burger's detention hearing and the motions hearings in this case. The entry of this temporary administrative stay does not affect any relief that the district court may provide pursuant to 18 U.S.C. § 3143.

ECF 80. The Fifth Circuit stay applies to both the District Court's order dismissing the superseding indictment and the order releasing Burger from custody without court supervision. *Id.*

With the Fifth Circuit's stay in place, Burger is still charged with three counts of 18 U.S.C. §875(c), making interstate threatening communications. Two different concerned citizens called in Burger's separate threats to attack a Christian concert in Austin as part of Burger's desire to commit a violent ISIS-inspired attack and be a martyr, and Burger expressed his intent to violently respond to any effort by law enforcement to arrest him with firearms and explosives. 18 U.S.C. § 3156 defines a crime of violence as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person of … another." Burger's own family removed firearms from their home to keep them away from Burger when he lived with them because of their concerns he would use them to hurt someone. There is a rebuttable presumption that there are no conditions to assure the safety of the community, and the magistrate court previously determined that Burger posed a risk of flight and a danger to the community such that he should be detained pending trial. 18 U.S.C. § 3142(e)(2)(A), (f)(1)(A); ECF 13. A detention hearing is required at the very least for the court to determine whether Burger should be released at all, and if so, does he have (1) access to firearms, (2) stable residence, and (3) internet monitoring.

A detention hearing would also allow both parties to put on additional evidence regarding the question of detention or release. While Magistrate Judge Mark Lane heard some evidence at the original detention hearing in May 2025, the government expects to present additional evidence that was not presented at the original hearing, including evidence of Burger's preparation for his attack. The defense would likewise have the opportunity to put on any evidence if it so wishes, including evidence to substantiate the various representations it has made to this Court and the

Fifth Circuit. *See* 18 U.S.C. § 3142(f)(2) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

The government therefore respectfully requests a detention/bond hearing no later than Friday, December 5, 2025.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

  /s/
KEITH HENNEKE
Assistant United States Attorney
Texas Bar No. 24054497
903 San Jacinto Blvd., Ste. 334
Austin, Texas 78701
(512) 370-1291

MARK T. ROOMBERG
Assistant United States Attorney
Texas Bar No. 24062266
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System that will transmit notification of such filing to the following CM/ECF participants:

Jose Gonzalez-Falla
Charly Herring
Attorneys for Defendant

/s/
KEITH HENNEKE
Assistant United States Attorney