UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. A:25-CR-00332-ADA |
| JAMES WESLEY BURGER | § § | |

## MOTION TO REVOKE DETENTION ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ALAN ALBRIGHT:

COMES NOW Defendant James Wesley Burger, by and through his attorneys, and files this Motion to Revoke Detention Order pursuant to 18 U.S.C. § 3145(b).

Yesterday, the Fifth Circuit stayed this Court's order of release dated December 4, 2025 (the "second release order"). *See* Exhibit C. The government interprets the Fifth Circuit's order to mean Mr. Burger again must be detained. Government counsel has told Mr. Burger's counsel that he has until 2 pm today to turn himself in to custody of the U.S. Marshals or they will have him arrested.

Mr. Burger respectfully requests this Court now revoke the Detention Order issued by U.S. Magistrate Judge Mark Lane on May 27, 2025. In support, Mr. Burger shows the Court the following:

### I.     PROCEDURAL SAGA

James Burger was arrested via criminal complaint on May 16, 2025. ECF No. 2. United States Magistrate Judge Mark Lane held a detention hearing on May 27, 2025, and, at the

conclusion of that hearing, ordered Mr. Burger detained.[1] ECF No. 13. At the time of the detention hearing, Mr. Burger did not have family who was willing to have him live with them, as the aunt and uncle with whom he had been living had had their home raided by the FBI only weeks prior. Mr. Burger had nowhere to release to at the time of the detention hearing.

The government indicted Mr. Burger on June 17, 2025, charging him with two counts of interstate threatening communication in violation of 18 U.S.C. § 875(c). ECF No. 19. Undersigned counsel took over the case on July 25, 2025. ECF Nos. 28, 29. Counsel for the government substituted in on August 4, 2025. ECF No. 31. After Mr. Burger rejected a plea offer, the government filed a superseding indictment on October 21, 2025, adding an additional interstate threatening communication count to the superseding indictment. ECF No. 40.

On November 3, 2025, Mr. Burger filed pretrial motions seeking to suppress the statements obtained in violation of *Miranda* and seeking dismissal of the indictment on First Amendment grounds. ECF Nos. 52, 53. This Court held a lengthy hearing on the Motion to Dismiss on November 18, 2025. ECF No. 66. The parties filed supplemental briefing following that hearing. ECF Nos. 68-70. The Court held an additional lengthy hearing on the motion to dismiss on November 24, 2025. At that hearing, the Court announced its decision to dismiss the indictment and told the parties that a written order would be forthcoming. At that hearing, the Court asked the parties directly whether Mr. Burger would be released from custody. The government confirmed for the Court that there were no detainers on Mr. Burger and he would be released. The government did not object to Mr. Burger's release in open court nor request his detention.

---

[1] At the detention hearing, Mr. Burger was represented by a member of the Federal Public Defender's office who has since left the office. Neither of Mr. Burger's current undersigned counsel were present at the detention hearing. Similarly, the government was represented by an AUSA who has since left the U.S. Attorney's Office. The current AUSAs were not present at that detention hearing.

Following the hearing on November 24, 2025, the government filed a Motion to Stay Order Dismissing Superseding Indictment and Release Pending Appeal. ECF No. 72. Mr. Burger responded with his opposition to the government's request (ECF No. 74) and the government filed an additional memorandum in support of its request for a stay. ECF No. 75. On November 25, 2025, the Court denied the government's motion to stay the dismissal of the superseding indictment and ordered Mr. Burger's release. ECF No. 76. The following day, the Court issued the formal Order Dismissing Superseding Indictment. ECF No. 77.

Mr. Burger was released from custody on November 25, 2025, after spending six months in pre-trial detention.

## II.   THE GOVERNMENT'S APPEAL

The government has filed emergency appeals in the Fifth Circuit, appealing both this Court's order of dismissal and orders of release. At issue today is the Court's Order Denying Government's Motion for Detention/Bond Hearing, issued December 4, 2025. ECF No. 83. Yesterday, the Fifth Circuit temporarily stayed that order. *See* **Exhibit C** (Fifth Circuit Unpublished Order dated 12/22/2025). The government interprets the Fifth Circuit's order to mean that the order regarding release now in effect is the original order of detention issued by the magistrate court on May 27, 2025.

The government wants Mr. Burger in custody immediately, no later than 2 pm today, or the government intends to have him arrested.[2] Mr. Burger asks this Court to revoke that detention order and set conditions of release.

---

[2] Undersigned counsel is not aware of an active arrest warrant for Mr. Burger at this time but counsel for the government has conveyed they intend to seek one.

3

### III. THE COURT SHOULD REVOKE THE DETENTION ORDER

On May 27, 2025, United States Magistrate Judge Mark Lane ordered Mr. Burger detained after a hearing. A person ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation … of the order." 18 U.S.C. § 3145(b). Review of a magistrate judge's detention order by the district court is de novo. *See United States v. Lee*, 156 F.Supp.2d 620, 623 (E.D. LA. 2001) (citing *United States v. Fortna*, 769 F.2d. 243, 249 (5th Cir. 1985)).

This Court is very familiar with the facts of this case. This Court can set conditions of release for Mr. Burger that reasonably assure his appearance in court, if required, and protect the community.

Undersigned counsel has made efforts to negotiate conditions of release that would satisfy the government in this case, but the government has refused to engage in negotiation about appropriate conditions, insisting only that Mr. Burger be detained. *See* **Exhibit A** (email from counsel to government counsel).

Mr. Burger should not be detained. His circumstances have changed dramatically since the detention hearing was held back in May.

To begin with, Mr. Burger has been undergoing counseling with Parents4Peace, an organization that specializes in deprogramming persons who have become radicalized. This organization was recommended *by the FBI* to Mr. Burger's family. Undersigned counsel worked to get the organization involved with Mr. Burger while he was in pretrial custody at the Burnet County Jail. Mr. Burger has spent months, even prior to his release, engaged in weekly counseling sessions with licensed social workers and experienced de-radicalization experts. Mubin Sheikh, an

4

experienced deprogrammer, has been working with James and attests to Mr. Burger's active participation in the Parents4Peace programming and his changes in mentality since his engagement with P4P. *See* **Exhibit B** (Letter from Sheikh). The letter reports how James has expressed remorse over his actions and how he has gained an understanding of how he was on a misguided path with his interest in fundamentalist Islam.

Importantly for the Court to note, this counseling has continued under the supervision of his family. Mr. Burger has now been at home for a month. He has continued to engage in counseling with P4P. Since James was released, he returned to live with his aunt and uncle, Dana and Jim Best, at their home in Round Rock. James was originally going to Florida to live with his grandfather, Tom Burger, but returned to Texas when the government filed motions seeking his detention. Since returning to Texas after making it half-way to Florida just after the Thanksgiving holiday, Mr. Burger's grandfather Tom has been living in a hotel to provide additional support close-by, while James has been living with his aunt and uncle at their residence.

Since his release, James has not had any internet access. He does not have a cell phone and does not have access to a computer. These were restrictions that James agreed to abide by, under the direction of his aunt and uncle. They were not imposed by the Court.

James no longer uses marijuana and has not been consuming any alcohol. James has remained sober while he has been living with his family. He has been enjoying the holiday season with them, attending church services.

Additionally, James's family has voluntarily maintained communication with the FBI since his release. and answered their questions. The family has been supportive of the FBIs interest in

5

knowing about James' conduct, despite being under no legal obligation to continue to allow FBI agents to contact them or know the details of their lives.

There are no facts to support an argument that Mr. Burger is a flight risk. The opposite is true: he has a stable residence, he has the support of his aunt and uncle and his grandfather, and he has ongoing guidance and counseling specifically tailored to address his beliefs around Islamic fundamentalism that so concerned the government to begin with.

There is nothing new in the government's continued insistence that Mr. Burger is a danger to the community. The government rehashes its same interpretation of the underlying offense, the alleged "threats' Mr. Burger was charged with making in the online role-playing game Roblox. This Court has judiciously considered Mr. Burger's statements and reached a much different conclusion. As this Court has explained, Burger made his statements while "playing an *online video game*, speaking as a *character*, among other *players* who were similarly acting as *characters* in a virtual Church," an experience where players "appear as avatars and intentionally engage in distasteful debate." ECF No. 91.

The government also argues that a variety of other activity apart from the charged statements make Mr. Burger a danger, such as notes Burger had when he was transferred to federal custody, his internet search history, and other comments he had made online. This is more of the same—more speech and not actual indication that Burger was actively planning any kind of harm. The district court also considered this evidence and correctly noted that this "evidence by itself would not be criminal." ECF No. 91.

The only evidence of danger to the community that the Government presented at the detention hearing—and continues to present today—was the offenses themselves. Because this

Court now has a more complete understanding of the facts and circumstances surrounding Mr. Burger's alleged offenses, Mr. Burger respectfully requests that the Court revoke the magistrate judge's detention order.

## IV.   CONCLUSION

Wherefore Defendant James Burger respectfully requests that the Court revoke the detention order in this case and order that he be released on reasonable conditions.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ JOSE I. GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
Bar Number: Texas 08135700

_____
/s/ CHARLOTTE A. HERRING
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24064026

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark Roomberg

Keith Henneke
United States Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, TX 78701

_____

/s/ CHARLOTTE A. HERRIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| **v.** § § | **NO. A:25-CR-00332-ADA** |
| **JAMES WESLEY BURGER** § § | |

## EXHIBIT LIST

**Exhibit A** – Email from Mr. Burger's counsel Jose Gonzalez-Falla to counsel for the government.

**Exhibit B –** Letter from Parents4Peace

**Exhibit C** – Fifth Circuit Unpublished Order dated December 22, 2025.

9