Case 1:25-cr-00332 Document 41 Filed 12/10/25 Page 1 of 5

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 10, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 25-50976   USA v. Burger
                       USDC No. 1:25-CR-332-1

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Melissa B. Courseault, Deputy Clerk
504-310-7701

Mr. Philip Devlin
Ms. Maureen Scott Franco
Mr. Carl Richard Hennies
Mr. Zachary Carl Richter
Mr. Mark Twain Roomberg

# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50976
CONSOLIDATED WITH
No. 25-51021

———————

United States Court of Appeals
Fifth Circuit
**FILED**
December 22, 2025
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    *Plaintiff—Appellant*,

versus

JAMES WESLEY BURGER,

    *Defendant—Appellee*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CR-332-1

———————

UNPUBLISHED ORDER

Before ELROD, *Chief Judge*, and JONES and GRAVES, *Circuit Judges*.

PER CURIAM:

    IT IS ORDERED that this appeal is CONSOLIDATED with case No. 25-51021.

    IT IS FURTHER ORDERED that the administrative stay in No. 25-50976 is continued pending further order of the court.

No. 25-50976
c/w No. No. 25-51021

IT IS FURTHER ORDERED that the "second release order" is administratively stayed pending expedited assignment to and reconsideration by the next available merits panel.

A brief explanation of the stay of the district court's release orders pending appeal is required. The appellee was indicted for violations of 18 U.S.C. § 875(c), pled not guilty, and was ordered detained pretrial by a magistrate judge on May 27, 2025. A substantial hearing was held in connection with the pretrial detention order, in the presence of appellee and family members, and the government offered testimony and numerous exhibits. The magistrate judge dictated in the record lengthy reasons for pretrial detention as prescribed by 18 U.S.C. §§ 3142(e), (g), and (i). Appellee did not appeal the pretrial detention order.

On November 24, the district court dismissed a superseding indictment and simultaneously ordered Burger's release from pretrial custody while indicating that its reasons for its decision would follow. The government filed a notice of appeal on November 26, together with a motion to stay the dismissal and release orders while Burger was freed during the pendency of these appeals. Burger was released, however, and ostensibly is residing with family members either in Austin, Texas or "Florida." On December 3, this court temporarily administratively stayed the district court's orders and ordered the district court to "provide reasons" for dismissing the indictment and for "ordering him released from custody." This court also required production of the detention hearing transcript and stated that the temporary administrative stay "does not affect any relief the district court may grant pursuant to 18 U.S.C. § 3143."

At the same time, on December 3, the government and Burger filed competing motions seeking, respectively, a hearing and renewed detention or a bond order, or release pending appeal. One day later, the

2

No. 25-50976
c/w No. No. 25-51021

district court denied a renewed detention hearing and reaffirmed Burger's release order without conditions. The court concluded that the defendant "poses no flight or safety risk" because he lives with his family, has no access to firearms, weapons or munitions, and has no driver's license or vehicle. That is the "second release order."

On December 10, the district court memorialized its reasons for dismissing the indictment in an 8-page order. On December 11, the government appealed the second release order and the next day filed an emergency motion to vacate that order.

Since there has been no involvement by Pretrial Services in this matter, the district court's reasoning reflects only the representations of defendant's counsel that Burger "lives with his family," allegedly "has no access to firearms" at this time and is "undergoing counselling." Yet the transcript of the detention hearing and exhibits, together with further evidence offered by the government during district court hearings on November 18 and 24 indicate that a stay is warranted since the district court released him without conditions based on the considerations listed in 18 U.S.C. §§ 3142(c) and (g). Indeed, defense counsel himself indicated to the magistrate judge that for this troubled individual, the court should consider "strict" release conditions, including "electronic monitoring with home detention," "monitoring . . . where he cannot be on the internet without some sort of software," and psychiatric treatment or psychological counselling. The district court nevertheless concluded that these conditions were unnecessary.

Given the record before us and the nature of the case, we think it prudent to grant an administrative stay pending expedited assignment to and reconsideration by the next available merits panel, with the understanding

3

No. 25-50976
c/w No. No. 25-51021

that "[t]he appeal [from a release order] shall be determined promptly." 18 U.S.C. § 3145(c); *see also* FED. R. APP. P. 9(a)(2).

4