**UNITED STATES DISTRICT COURT**

Western District of Texas
U.S. Pretrial Services Office

March 12, 2026

**FILED**
March 19, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ kk _____
DEPUTY

**Gina Faubion**
Chief U.S. Pretrial Services Officer

**Antonio Acosta**
Deputy Chief

**Ivonne Castanon**
**James Nowlin**
Assistant Deputy Chief

**Austin Supervisor**

**Amanda R. Ceballos**

**Reply to:**
501 West 5th Street
Suite 3200
Austin, Texas 78701

**United States District Judge Alan Albright**
**United States Courthouse**
**501 W. 5th Street**
**Austin, Texas 78701**

**RE: James Wesley Burger**
**CASE NO.: 1:25-CR-00332-1**
**BOND VIOLATION – Failure to report for drug testing and noncompliance with Location Monitoring (LM) condition- NO ACTION REQUESTED**

Honorable District Judge:

On December 29, 2025, the above referenced defendant appeared before District Judge Alan Albright and was granted a personal recognizance bond with pretrial supervision. At this time, the Court is awaiting a response from the Fifth Circuit of Appeals regarding a pending violation of Title 18 U.S.C. § 875 Interstate Communications- Threats, filed in the Western District of Texas-Austin Division.

The defendant is currently residing in Vero Beach, Florida and is being supervised by the Southern District of Florida U.S Probation and Pretrial Office. The following information has been reported to the Western District of Texas - Austin Division.

On January 5, 2026, the defendant reported to the United States Probation Office in Fort Pierce, Florida, and submitted a urine sample which tested positive for the presence of marijuana. Due to the defendant's positive drug test, he was instructed to report to on a weekly basis, each Thursday, to submit to a drug test. The defendant noted use was prior to being placed on Pretrial Supervision and no additional positive results have been reported to the Western District of Texas-Austin.

On February 26, 2026, the defendant was scheduled to report for a drug test but failed to do so. Additionally, on the same date, the defendant was approved to be away from his residence from 7:15 a.m. to 11:15 a.m. to visit Vero Orthopedics with his grandfather and 1:00 p.m. to allow the defendant to report to the probation office for a drug test. Review of the defendant's GPS points for February 26, 2026, showed that the defendant left his residence multiple times and stopped at two businesses, TooJay's Deli and Target, without prior authorization. Specifically, the defendant left his residence at 7:20 a.m. and returned at 9:43 a.m. during which

he traveled to Vero Orthopedics and TooJay's Deli. At 12:35 p.m. the defendant left his residence again and traveled to Vero Orthopedics and Target returning home at 4:19 p.m.

In response to violations from February 26, 2026, the defendant was verbally reprimanded via phone on February 27, 2026, for missing the scheduled drug test and was instructed to report to the United States Probation Office the same date to submit a drug test. Later that afternoon, the defendant reported as instructed. Additionally, the defendant was notified of his failure to follow his location monitoring schedule. The defendant reported that he relies on his family members to drive him to his appointments and has advised they must follow his approved schedule; however, they continue to make additional stops. The defendant was advised by the Supervisory United States Probation Officer in the Southern District of Florida that if his family is unwilling to follow the approved schedule then he needs to secure alternative transportation.

On March 5, 2026, the defendant was approved to be away from his residence from 8 a.m. to 11 a.m. for community service at his church and 11:30 a.m. to 1:30 p.m. for a hair cut and drug test at the probation office. Review of defendant's GPS points for March 5, 2026, showed the defendant left his residence at 7:50 a.m., went to church and left the church at approximately 9:40 a.m. From the time he left the church until returning home at 10:43 a.m. the defendant appeared to be driving with no stops made. The defendant again left the residence at 11:38 a.m. for his hair cut. After the haircut, the defendant stopped at an ice cream shop prior to stopping at the probation officer for a drug test. The defendant returned home at 2:53 p.m. When discussing deviations from his schedule with his supervision officer, the defendant reported that he did not get off at the ice cream shop and remained in the vehicle while his grandfather went inside. The defendant reported that the hour of driving was due to his grandfather giving him driving lessons. This officer spoke to the defendant's grandfather on March 6, 2026, to review requirements of Third-Party Custodians and the limitations on the defendant's movements while on Home Detention. The defendant's grandfather assumed responsibility for all schedule deviations on March 5, 2026, noting he understood the restrictions of Home Detention and would refrain from future violations.

This information is being provided to the Court as information only and no action is being requested at this time. The U.S. Attorney's Office has been informed of the violation. Assistant U.S. Attorney Mark T. Roomberg noted that he does not agree with the recommendation but defers to Pretrial Services.

If any further information should be required, please contact this officer at 512-917-4353.

Respectfully,

Alexis Garza
Sr. U.S. Pretrial Services Officer

Amanda R. Ceballos
Supervisory U.S. Pretrial Services Officer

cc:     U.S. District Judge    U.S. Attorney    Defense Counsel

The Court does concur ____✔____          The Court does not concur _____

Susan Hightower
United States Magistrate Judge