UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.    A-25-CR-00332 (ADA) |
| | § | |
| JAMES WESLEY BURGER | § | |

## MOTION TO STRIKE SURPLUSAGE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ALAN D. ALBRIGHT:

NOW COMES Defendant James Wesley Burger through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 7(d), respectfully moves this Court to strike the Special Findings in Counts One and Two of the Second Superseding Indictment as surplusage.

### I.    Factual Background

On April 21, 2026, the government filed a Second Superseding indictment. ECF Doc. No. 120. The Second Superseding indictment charges three violations of 18 U.S.C. § 875(c), but for the first time, includes a "Special Finding" for Counts One and Two alleging the counts are hate crimes. Both special finding paragraphs state:

> The Grand Jury further alleges that Defendant Burger intentionally selected a Christian concert as the object of his threat because of the actual and perceived religion of individuals associated with the Christian concert.

*Id.*

### II.    Legal Standard

Under Fed. R. Crim P. 7(d), a Court may strike surplusage from an indictment. Additional facts beyond those which comprise the elements of the crime are "mere surplusage." *United States v. Valencia*, 600 F.3d 389, 432 (5th Cir. 2010). Rule 7(d) is a "means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however,

1

be prejudicial." FED. R. CRIM. P. 7, advisory committee's notes. Surplusage may be struck from the indictment when it is "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993).

Here, the Special Findings ask the jury whether Counts One and Two were committed because of religious hostility. Proof of religious hostility is not an element of the offenses charged, and because such evidence is self-evidently inflammatory and prejudicial, the Special Findings should be stricken from the Indictment.

III.    **Argument**

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." FED. R. CRIM. P. 7(d). The purpose of 7(d) is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts. *See* FED. R. CRIM. P. 7, advisory committee's notes. "If, for example, the government asserts irrelevant or immaterial facts, particularly those that might prejudice the jury, the defendant may compel their deletion." *United States v. Hughes,* 766 F.2d 875, 879 (5th Cir.1985). "[P]rosecutors have been known to insert [immaterial or irrelevant facts] for 'color' or 'background' hoping that these will stimulate the interest of the jurors." *United States v. Johnson,* 1999 WL 551332, at *1 (E.D.La. June 10, 1999). The court can strike as surplusage any irrelevant language that is unduly inflammatory and prejudicial in that it "serve[s] only to inflame the jury, confuse the issues, and blur the elements necessary for conviction[.]" *United States v. Bullock,* 451 F.2d 884, 888 (5th Cir.1971).

   a.   *The Special Findings are surplusage because indictments are limited to a plain and concise statement of the essential facts constituting the offense charged.*

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Facts beyond those which

comprise the elements of the crime are surplusage. *Valencia*, 600 F.3d at 432. Courts may strike surplusage which is "irrelevant, inflammatory, and prejudicial." *Graves*, 5 F.3d at 1550.

First, the statements in the Special Findings are irrelevant to the charges Mr. Burger faces. Counts One and Two both charge a violation of 18 U.S.C. § 875(c). The actual or perceived religion of the purported targets of the alleged threats is not an element of Interstate Threatening Communications. The Special Findings relate only to a sentencing factor pursuant to the U.S.S.G. § 3A1.1. The Special Findings do not, however, relate to any element that the government must prove at trial.

Importantly, simply because a piece of evidence may be admissible at trial does not permit such evidence to be included in the indictment. An indictment "must be a *plain, concise, and definite* written statement of the *essential* facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1) (emphasis added).

Whether the alleged threat was made because of the actual or perceived religion of individuals associated with the Christian concert is not relevant to the elements of § 875(c). The question is unnecessary to make out a *prima facie* pleading of the offense. The Special Findings are, therefore, irrelevant.

Second, the Special Findings are inflammatory, and prejudicial.  Proof of religious hostility is not an element of the offenses charged, and because such evidence is self-evidently inflammatory and prejudicial, the Special Findings should be stricken.  Rule 7(d) is a "means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." FED. R. CRIM. P. 7, advisory committee's notes.

As such, Mr. Burger moves to strike the Special Findings paragraph in both Counts One and Two of the Second Superseding Indictment.

      b.  *Special findings may only be submitted to a jury when such findings change the authorized sentence*

Furthermore, the Special Findings are unnecessary for the jury to decide because they do not change the authorized sentence. As the Supreme Court made clear in *Alleyne v. United States*, "[t]he touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." 570 U.S. 99, 107 (2013). Thus, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 103. Likewise, any fact that increases the maximum punishment a person could receive is also, by definition, an element that must be submitted to the jury. *Apprendi v. New Jersey*, 530 U.S. 466, 483 (2000).

Thus, Rule 7(c)'s requirement that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged" prohibits the inclusion in the indictment of special findings where, as here, they have no impact on the statutory sentence that a conviction would authorize. The special findings are extraneous, inflammatory, and prejudicial allegations, and are surplusage. They exceed the permissible scope of what may be alleged in an indictment under Fed. R. Crim. P. 7(c) and should be stricken.

      c.  *Sentencing guidelines do not, and cannot, create factual determinations to be submitted to a jury*

The Special Findings in the indictment come from U.S.S.G. § 3A1.1(a), which states:

If the finder of fact at trial or, in the case of a plea of guilty or nolo contendere, the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person, increase by 3 levels.

The application notes make clear that § 3A1.1(a) applies "to offenses that are hate crimes." U.S.S.G. § 3A1.1 app. n. 1. While this enhancement certainly imposes "special evidentiary requirements," *see id.*, the guideline does not purport to put additional matters or elements before a trial jury. Rather, the guideline merely provides an enhancement where a jury has already made the requisite findings that the defendant intentionally selected a victim because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of the person. U.S.S.G. § 3A1.1(a).

There are federal hate crime laws.  For example, the Hate Crimes Act, 18 U.S.C. § 249, applies if a person causes or attempts to cause bodily injury to any person "because of the actual or perceived race, color, religion, or national origin of any person." 18 U.S.C. § 249(a)(1). Likewise, 18 U.S.C. § 245(b)(2) prohibits interfering with someone's federally protected activity "because of his race, color, religion or national origin." And 42 U.S.C. § 3631 prohibits the use of force to interfere with housing rights "because of" the person's "color, religion, sex, handicap ..., familial status ..., or national origin." Thus, there are numerous statutes which have as an element the selection of the victim on the basis of a prohibited characteristic.

Courts have applied the adjustment in § 3A1.1(a), to defendants convicted of a hate crime. For example, in *United States v. Pospisil*, the Eight Circuit upheld the application of § 3A1.1(a) where the defendant had been convicted conspiracy against rights in violation of 18 U.S.C. § 241. F.3d 1023, 1031 (8th Cir. 1999). The Court held that while § 241 is not limited on its face to racially motivated crimes, the jury instructions expressly incorporated language about the race of the victims. *Id.*; *see also United States v. Weems*, 517 F.3d 1027, 1030 (8th Cir. 2008) (finding § 3A1.1(a) should have been applied where jury convicted defendants of conspiring to injure, oppress, threaten and intimidate an African-American man in the free exercise and enjoyment of

5

his housing rights because of his race in violation of § 241).  Likewise, the Fourth Circuit upheld the application of § 3A1.1(a) was not in error where the defendant was convicted of conspiracy to provide material support to terrorists. *United States v. Sherifi*, 107 F.4th 309, 318 (4th Cir. 2024). The Court upheld the adjustment because the jury found the defendant guilty of two different conspiracies to commit jihad, and thus necessarily found that he intentionally targeted non-Muslim victims based on their religion. *Id.* at 319; *see also United States v. Woodlee*, 136 F.3d 1399, 1413 (10th Cir. 1998) (upholding application of the adjustment where defendant entered a plea of guilty to conspiracy to interfere with federal rights because of the person's race, color, religion or national origin pursuant to 18 U.S.C. § 245(b)(2) because the guilty plea necessarily includes an admission that he agreed to interfere with the victims because of their race).

The purpose of § 3A1.1(a) is to punish those who have a hate crime motivation and to deter future hate crimes. *United States v. Armstrong*, 620 F.3d 1172, 1176 (9th Cir. 2010) (upholding application where defendant was convicted of 18 U.S.C. § 241 and the jury found the victim was attacked because of his race). Further, courts have repeatedly rejected the argument that § 3A1.1(a) requires that the jury find the defendant's discriminatory motivation by special verdict. *Sherifi*, 107 F.4th at 319; *In Re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 154 (2d Cir. 2008) (upholding hate-crime enhancement when record showed that jury must have found conspiracy targeted victims based on national origin); *Pospisil*, 186 F.3d at 1031 (rejecting argument that Guidelines require jury to make a "special finding" before the sentencing court applies the hate-crime enhancement).

Thus, § 3A1.1(a) does not purport to permit the government to include Special Findings in the indictment of any offense. Rather, the guideline, by its terms, is limited to cases in which a jury is required to make the requisite findings as part of the trial process. Indeed, if the guidelines were

6

to authorize courts to place such findings before trial juries in cases where those findings were not already an element of the charged offense, it would be beyond the scope of the Sentencing Commission's purpose and powers. *See* 28 U.S.C. § 991 ("United States Sentencing Commission; establishment and purposes"); 28 U.S.C. § 994 ("Duties of the Commission"); 28 U.S.C. § 995 ("Powers of the Commission").

IV.    **Conclusion**

Mr. Burger respectfully moves this Court to strike the Special Findings in Counts One and Two of the Second Superseding Indictment as surplusage. The language in the Special Findings is irrelevant, inflammatory, and prejudicial, and the Court should strike them as surplusage.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ JOSE I. GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
Bar Number: Texas 08135700

/s/ CHARLOTTE A. HERRING
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
TX Bar Number: 24064026

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2026, I electronically filed the foregoing

Defendant's Motion to Strike Surplusage with the Clerk of Court using the CM/ECF system which

will send notification of such filing to the following:

Mark T. Roomberg
Assistant U.S. Attorney
816 Congress Ave., Ste. 1000
Austin, TX 78701

Keith Henneke
Assistant U.S. Attorney
903 San Jacinto Blvd., Ste. 334
Austin, TX 78701


/s/Jose I. Gonzalez-Falla

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO.   A-25-CR-00332 (ADA)** |
| | § | |
| **JAMES WESLEY BURGER** | § | |

**O R D E R**

On this date, the Court considered Defendant's Motion to Strike Surplusage.  The Court, having considered the motion, is of the opinion that the motion should be granted.

IT IS THEREFORE **ORDERED** THAT the Defendant's Motion to Strike Surplusage is hereby **GRANTED.**  The Special Findings in Counts One and Two of the Second Superseding Indictment are stricken.

SIGNED this _____ day of _____, 2026.


_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE