**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No.  1:25-CR-00332-ADA** |
| | ) | |
| **JAMES WESLEY BURGER** | ) | |

**GOVERNMENT'S TRIAL BRIEF REGARDING 404(b) EVIDENCE**

## I.    Introduction

Federal Rule of Evidence 404 was created to prevent the improper use of "other acts" evidence in a court of law. The rule is "so deeply imbedded in our jurisprudence as to assume almost constitutional proportions and to override doubts of the basic relevancy of the evidence. Fed. R. Evid. 404 Advisory Committee's Note (1972). Rule 404(b) deals with a specific type of character evidence—other acts evidence. Rule 404(b) is appropriately used to prevent other acts evidence to infer a person's character and that makes it more likely that the defendant acted in conformity with that character on a particular occasion. However, other acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2).

## II.    Rule 404(b) is a Limited Rule of Evidence that Prohibits Evidence Offered for Propensity Purposes.

The Fifth Circuit has held that

> " 'Other act' evidence is 'intrinsic' when the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990).  This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place. *United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir.1981); *see also, United States v. Royal*, 972 F.2d 643, 647 (5th Cir.1992),

cert. denied, 507 U.S. 911, 113 S.Ct. 1258, 122 L.Ed.2d 655 (1993) (intrinsic evidence admissible so the jury may evaluate all the circumstances under which the defendant acted).    Intrinsic evidence does not implicate Rule 404(b), and "consideration of its admissibility pursuant to Rule 404(b) is unnecessary." *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir.), *cert. denied*, --- U.S. ----, 115 S.Ct. 531, 130 L.Ed.2d 435 (1994).

*United States v. Coleman*, 78 F.3d 154 (5th Cir. 1996).

Rule 404(b) only prohibits the use of other acts evidence to prove character and propensity of a defendant to act in accordance with that character on a given occasion. Fed. R. Evid. 404(b) (1). This is a limited rule of exclusion. The Senate Judiciary Committee declared in its comment to Rule 404(b) that "[t]he amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense, *see United States v. Williams*, 900 F.2d 823 (5th Cir. 1990) (noting distinction between 404(b) evidence and intrinsic offense evidence)." The Fifth Circuit has held that evidence is intrinsic when "the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990). Intrinsic evidence is admissible to "complete the story of the crime by proving the immediate context of events in time and place." *United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir.1981); *see also, United States v. Royal*, 972 F.2d 643, 647 (5th Cir.1992), cert. denied, 507 U.S. 911, 113 S.Ct. 1258, 122 L.Ed.2d.

If the evidence is extrinsic, and subject to Rule 404, the Fifth Circuit's *United States v. Ebron* decision provides the framework upon which FRE 404(b) questions should be evaluated.

> Rule 404(b) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). In criminal cases, however, this "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2). It is unnecessary that the

> extrinsic evidence fit neatly under one of the exceptions listed in Rule 404(b), as this list is not exhaustive. *See* Wright & Graham, Federal Practice and Procedure: Evidence § 5248 (explaining that "[t]he list of 'exceptions' in Rule 404(b) is really no more than a set of examples of instances in which the use of the evidence does not offend the general rule of exclusion"). "[T]he general rule of exclusion in Rule 404(b) only excludes evidence of other crimes when offered to prove the conduct of a person by resort to an inference as to his character." *Id.*

*United States v. Ebron*, 683 F.3d 105, 131–32 (5th Cir. 2012). Furthermore, in *United States v. Beechum*, the Fifth Circuit set out a two-part test for determining the admissibility of extrinsic evidence under FRE 404(b): "First it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice[.]" *Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).

Accordingly, a court should exclude extrinsic 404(b) evidence only when the probative value of the evidence is substantially outweighed by its unfair prejudice under FRE 403. *Beechum*, 582 F.2d at n. 20. Exclusion is only required "in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." Herman L. Trautman, *Logical or Legal Relevancy -- A Conflict in Theory*, 5 Vand.L.Rev. 385, 410 (1952); *see also United States v. Dudley*, 562 F.2d 965 (5th Cir. 1977) (indicating that the FRE 404(b) is a rule of inclusion, not exclusion); *see also McCormick on Evid*. § 190 (2d ed. 1972).

### III.    Rule 404(b) Explicitly Permits Other Acts Evidence for Alternative Evidentiary Purposes.

In paragraph two, Rule 404(b) states that other acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Thus, courts must first determine whether evidence offered is relevant to an issue other than the defendant's character.

*Beechum*, 582 F.2d at 911. The list provided in Rule 404(b) is not exhaustive. *Ebron*, 683 F.3d at 131.

The Fifth Circuit has admitted a wide range of evidence for purposes other than propensity. In *Ahmed*, the defendant was charged with "attempting to provide material support or resources to designated terrorist organizations, in violation of 18 U.S.C. § 2339B(a)(1), and making false statements involving international terrorism to federal officers, in violation of 18 U.S.C. § 1001(a)." *United States v. Ahmed*, No. 20-40713, 2022 WL 16914540, at *1 (5th Cir. Nov. 14, 2022) (unpublished). The Court considered whether to admit the defendant's 1) prior terrorism convictions from 2012, 2) prior participation in a terrorist training camp, and 3) prior criminal activity for a Swedish terrorist network. *Id*. The court upheld the admission of all three categories of evidence, finding the evidence "necessary to complete the story of" and thus intrinsic to the charged offenses. *Id.* at *1-*3. The evidence was also found to be admissible under 404(b). *Id*. For example, the evidence about the defendant having participated in a terrorist training camp was admitted not for purposes of establishing character, but to demonstrate that the defendant was "familiar with the ideological roots of ISIS, supported its objectives, sought to further those objectives by attempting to train and recruit other inmates, and had at least some knowledge of bomb-making." *Id.* at *1. This tended to make his knowledge of terrorist activities and bomb-making more probable. *Id.*

The Third Circuit recently upheld admission of evidence for multiple evidentiary purposes when the defendant was charged with making threatening interstate communications and threatening to assault FBI agents. *United States v. Miah*, 120 F.4th 99, 110 (3d Cir. 2024). The exhibits related to four subjects: (1) the defendant's comments on YouTube where he intimated that a terroristic attack was imminent; (2) exhibits consisting of "firearm and gun-range evidence"

and "[r]esearch and images" of different types of explosive devices; (3) exhibits relating to the "Tsarnaev brothers," who perpetrated the Boston Marathon bombing in April 2013; and (4) a video where he expressed anti-police sentiments and sang "about ISIS." *Id.*

First, the defendant made YouTube comments where he intimated that a terroristic attack was imminent. These comments fell outside the scope of Rule 404 because they provided a "context and foundational basis for why the FBI agents began investigating him;" that is, the evidence was intrinsic to the crime and explained to the jury "why [the defendant] was under investigation," which in turn "completed the story of the crime." *Id.* at 111. Second, the court admitted media found on Defendant's devices depicting assault rifles and the Defendant dressed in a manner emulating ISIS fighters. *Id.* at 105, n. 2. The video emulating ISIS fighters demonstrated Miah's "animosity toward law enforcement, thus making it more likely that [he] was motivated to make true threats against the FBI agents." *Id.* at 112. The photographs depicting weaponry were admitted to establish Defendant's "familiarity with firearms," which the Court found were "probative of [the] knowledge and intent" behind the charged communication. *Id*. at 111. Third, the court admitted defendant's images of the Tsarnaev brothers, who committed the Boston bombings, and a social media post referencing them. *Id*. at 111, n. 8. The evidence illustrated the defendant's "emulation of the Tsarnaevs" and "his intention for instilling terror." *Id.* at 112. They showed the defendant's history of mimicking terrorists, which is probative of whether he intended to threaten a similar type of attack. *Id.* The connection between the social media post and threatening conduct was especially strong "given that [the defendant's] defense at trial was that [his posts] were not serious expressions of his intent to inflict harm." *Id.* Finally, the court admitted a video of defendant in front of a police car expressing an anti-police sentiment and singing about ISIS. *Id.* The video demonstrated his "animosity toward law enforcement, thus

making it more likely that [he] was motivated to make true threats against the FBI agents." *Id.* Regardless of whether these pieces of evidence might have alternatively supported conclusions about the defendant's character, they each served an alternative purpose permissible under Rule 404(b)(2).

### IV.    Courts have Discretion to Exclude Some Permissible Evidence.

Even if a piece of evidence is admissible for alternative evidentiary purposes under Rule 404(b)(2), a court may exclude it if the extrinsic evidence "possesses probative value that is not substantially outweighed by its undue prejudice. . . ." *United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017) (citing *Beechum*, 582 F.2d at 911). The Fifth Circuit has determined that the degree of probity of extraneous evidence depends upon a few factors: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen,* 729 F.3d 466, 473 (5th Cir. 2013) (citing *United States v. Sanchez*, 988 F.2d 1384, 1394 & n. 14 (5th Cir.1993)).

First, the court considers the government's need for the evidence. Extrinsic evidence has particularly "high probative value when intent is the key issue at trial." *Juarez*, 866 F.3d at 627. When intent is disputed, the Government has more need for the extrinsic evidence to "eliminate alternative explanations." *Id.* For example, in *Beechum*, Defendant argued that he intended to return an allegedly stolen silver dollar to his supervisor. *Beechum*, 582 F.2d at 916. The court admitted extrinsic evidence showing that Defendant also possessed two credit cards on his person not belonging to him. *Beechum*, 582 F.2d at 909. Once intent became a core issue, the credit card evidence bore directly on the plausibility of Beechum's story—"justice called for its admission." *Id*. at 916.

Second, the court considers the similarity between the extrinsic conduct and the charged

offense. Similarity generally "increases both the probative value and prejudicial effect of extrinsic evidence." *Juarez*, 866 F.2d at 628. The Fifth Circuit has maintained that "it does not follow that similarity *requires* exclusion of the evidence." *Id*. In *Juarez*, for example, the court admitted evidence regarding the defendant's participation in an essentially identical uncharged conspiracy to sell firearms and evade detection by law enforcement. *Id.* Despite the similarity of the conduct and charged offense being undoubtedly prejudicial, it weighed in favor of admission because the probative value of the conduct correlated positively with its likeness to the charged offense. *Id.*; *see also United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (admitting extrinsic evidence because, *inter alia*, the extrinsic conduct and charged offenses—bribes offered in exchange for Defendant's political influence—were highly similar.).

Third, the court considers the amount of time separating the two offenses. The Fifth Circuit has found that evidence of misconduct committed less than three years prior to the charged crime is admissible, while suggesting that ten years may be too remote. *Juarez*, 866 F.2d at 628. Evidence is particularly probative when the offenses occur simultaneously. *Id*.

The fourth factor considers the court's limiting instructions. When the court gives "extensive and immediate limiting instructions following the admission of prior offense testimony," that helps to counteract any prejudicial effect of 404(b) evidence. *Id.* at 628–29.

Even after considering the four factors, the court still evaluates the evidence under a "commonsense assessment of all the circumstances surrounding the extrinsic offense." *Id.* at 629. The *Beechum* court concluded its FRE 404(b) analysis by evaluating the remaining considerations under Rule 403. *Beechum*, 582 F.2d at 917. It found the credit card evidence was "not of a heinous nature;" "would hardly incite the jury to irrational decision by its force on human emotion;" and "no more likely to confuse the issues, mislead the jury, cause undue delay, or waste time than any

other type of extrinsic offense evidence." *Id.*

The Fifth Circuit has stated that the exclusion of evidence under Rule 403 should occur only sparingly:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.

*United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979); *see United States v. Portillo,* 060 F.3d 144, 179 (5th Cir. 2020).

**V.    Admissible Intrinsic and Relevant Rule 404(b) Evidence in the Instant Case.**

The United States is required to prove beyond a reasonable doubt to the jury two key elements, amongst others: first, that the charged communications were true threats and second, that the Defendant issued the threat either for the purpose of issuing a threat, with knowledge that the communication will be viewed as a threat, or recklessly disregarding a substantial risk that his communication would be understood as a threat.

It is the position of the United States that the following exhibits are intrinsic to the charged crimes and show the Defendant was serious about his threats to attack Christians, a Christian concert, and law enforcement and not "joking" or "role-playing in a game" as opposing counsel has argued:

Exhibit 1: The screenshots threats January 23, 2025 (crazz3pain) (Count 1). This exhibit is evidence of the statement charged as a threat and is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his

threat would be viewed as a threat. This also intrinsic as to go to the special finding that the Defendant was motivated by his animus towards Christians.  If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 1b: January 23, 2025, Notes seized from Defendant's cellphone addressed to the Followers of the Cross stating "today has brought a great wound upon you and has paralyzed your mediator and whatever you possess of temporary  might and power!"  This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to go to the special finding that the Defendant was motivated by his animus towards Christians.  If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 2: The keylogger record on Roblox, January 27, 2025 threat (Count 2). This exhibit is evidence of the statement charged as a threat and is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to go to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 2a: Screen showing the initial Discord chat with nusrullaah suggesting the Defendant switch to Roblox discussing date of attack. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly

disregarded that his threat would be viewed as a threat and evidence that he was attempting to conceal his statements suggesting consciousness of guilt. This is also intrinsic as to go to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 3: Roblox screenshots, January 21, 2025 (Count 1). This exhibit is evidence of the statement charged as a threat and is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 3a: Video of Roblox screenshots, January 21, 2025 (Count 1). This exhibit is intrinsic evidence to show the jury how statements are made and perceived in the Church experience on Roblox and that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 4: Summary link chart tracing Defendant to African3r (Discord), Ghurabaah (Roblox), and Crazz3pain (Roblox) to show identity regarding the charges. This exhibit is intrinsic evidence to show that the Defendant made the statements at issue in this case. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as

proving identity

Exhibit 5: Chart showing Xandersrange (Roblox) located in Saudi Arabia. This exhibit is intrinsic evidence to show that Defendant communicated the charged threats in interstate or foreign commerce and to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 5b: Chart showing Xandersrange (Roblox) is same person as Nurullaah (Discord). This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 6: Photos from Defendant's cellphone showing Defendant with hunting rifle, a handgun, a Live Nation screen shot, and a headband with Islamic writing and holding up a single finger. The Defendant shared a photo of a firearm with Xandersrange via Discord, discussed shooting the police (Count 3), and also discussed practicing with a hunting rifle in another conversation. Live Nation was the sponsor for the April 12, 2025, Christian concert in Austin. Defendant's photo with the headband and finger raised demonstrate his association with ISIS. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. The headband photo is also intrinsic as to the special finding that the Defendant was motivated by his

animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as well as association with extremist groups.

Exhibit 7: Picture of Defendant's Discord profile picture. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as well as association with extremist groups.

Exhibit 8: Black Islamic flag purchased by the Defendant and seized by FBI. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as well as association with extremist groups.

Exhibit 9: Google search terms including his researching attacks and manner of attacking as discussed in his charged threats such as: "which month is april in islam," "what type of clothing does Islamic state wear," "lone wolf terrorists isis," "kill the disbelievers where you find them quran," "Islamic terrorist attacks," "isis beheads coptic christians,", "festivals happening near me," and various knife and firearms terms. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his

threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 10a: July 24, 2024, keylogger on Roblox, Defendant swears allegiance to the Islamic State leader and his desire to shoot Austin police officers. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 10b: February 3, 2025, keylogger Defendant states "We're getting our knives sharpened for your throat." This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 10c: December 10, 2024, keylogger where the Defendant says "lets not discuss this here, it is very unsafe And leads authorities becoming suspect of your actions or intentions." This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat and his efforts to conceal his statements show his consciousness of guilt. If the Court determines it is

not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 10d:  December 16, 2024, example of what actual gameplaying on Roblox looks like to contrast with the threats in Counts 1-3. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 11: December 10, 2024, keylogger where the Defendant says "lets not discuss this here, it is very unsafe And leads authorities becoming suspect of your actions or intentions." The other speaker from Russia responds "I don't think authorities will monitor some children's game like roblox." The Defendant then answers the other user's question about how to detonate explosives. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat and his efforts to conceal his statements how a consciousness of guilt. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 13: February 4, 2025, screenshot the Defendant (crazz3pain) discusses dying as a martyr "in a blaze of iron and mental Raining bullets upon disbelievers." This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the

Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 14: February 10, 2025, screenshots where the Defendant (Followers of Tawhid) stating he wanted to commit a stabbing attack like a friend. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 14a: Chart showing Defendant also used the Roblox name "Followers of Tawhid" and other Roblox accounts "crazz3pain" and "Ghurabaah." This exhibit is intrinsic evidence to show Defendant's identity and to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 15: Handwritten bombmaking plans and prayers to say prior to an attacks and date of Islamic extremist attacks. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 15b: Laboratory report-Explosive plans. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 16: Photo from Defendant's laptop showing an Islamic extremist fighter in a pose similar to the Defendant's own pose in Exhibit 6. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident, and association.

Exhibit 17: Defendant warned to delete his Ghurabaah account because concerned police trying to gather information about him. This exhibit is intrinsic evidence to show that the Defendant used and controlled the Ghurabaah account, subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat, and intentionally concealed his actions showing a consciousness of guilt. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident, and obstructing his identity from authorities.

Exhibit 18: July 24, 2024, Discord chat, rather than Roblox, where Defendant (afrikan3r) swears allegiance to the Islamic State leader. This exhibit is intrinsic evidence to show that the

Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 19: Discord chat between Defendant (afrikan3r) and ISIS extremist propaganda including attacks on Christian churches. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 22: January 31, 2025, Discord chat where Defendant (afrikan3r) says he is doing rifle training with scope and range work. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 23: February 10, 2025, Discord chat where Defendant (afrikan3r) says he is saving up for a suppressor. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake, or lack of accident.

Exhibit 24: iPhone cookies showing visits to Live Nation on January 23, 2025, and military stores. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 25: January 2, 2025, Discord chat where the Defendant (afrikan3r) prays to be a martyr for Allah. This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Exhibit 26: December 27, 2024 Telegram chat where Defendant (Abu Faizan) declares he wants to die a shaheed (martyr). This exhibit is intrinsic evidence to show that the Defendant subjectively intended the charged threats to be viewed as a threat or recklessly disregarded that his threat would be viewed as a threat. This is also intrinsic as to the special finding that the Defendant was motivated by his animus towards Christians. If the Court determines it is not intrinsic, this exhibit would be properly admissible for other purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

## VI.    Conclusion

Rule 404 is an evidentiary rule deeply embedded in our jurisprudence. The rule targets

using character evidence to infer that a person acted in conformity with that character on a particular occasion. It is a shield against subtly permitting a trier of fact to reward the "good" man and punish the "bad" man without regard to the actual evidence. It is not a sword to exclude evidence admissible for another purpose.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

/s/_____
KEITH HENNEKE
Assistant United States Attorney
Texas Bar No. 24054497
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
(512) 370-1291

MARK T. ROOMBERG
Assistant United States Attorney
Texas Bar No. 24062266
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2026, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System and served on counsel for the defendant via that system.

/s/ Keith M. Henneke
KEITH M. HENNEKE
Assistant United States Attorney