**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No.  1:25-CR-00332-ADA** |
| | ) | |
| **JAMES WESLEY BURGER** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE SURPLUSAGE**

COMES NOW, the United States of America, by and through its undersigned attorneys, and hereby files its response in opposition to Defendant James Wesley Burger's Motion to Strike Surplusage. ECF 129. The language the defense objects to, a special finding that alleges Defendant acted out of religious animus, is properly included in the Second Superseding Indictment in order to give Defendant notice of the allegation and allow the jury to decide the question as required by United States Sentencing Guideline § 3A1.1(a). Moreover, the allegation is relevant to the alleged offenses and not inflammatory or prejudicial, and thus does not qualify as surplusage under Fifth Circuit precedent. *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993). Defendant's motion should accordingly be denied.

I.      **LEGAL STANDARD**

It is well-established that the purpose of an indictment is to "'inform the accused of the nature of the charges against him, with such specificity and particularity that the accused is enabled to undertake and prepare an adequate defense.'" *United States v. Johnson*, 476 F.2d 1251, 1255 (5th Cir. 1973) (quoting *United States v. Levinson*, 405 F.2d 971, 977 (6th Cir. 1968). An indictment must be "a competent and forthright attempt to notify the accused of the extent of his alleged culpability." *Nelson v. United States*, 406 F.2d 1136, 1138 (10th Cir. 1969).

1

To strike surplusage, the language in the indictment must be "irrelevant, inflammatory, and prejudicial." *Graves*, 5 F.3d at 1550. "Because this standard is strict, a court rarely grants such a motion." *United States v. Solomon*, 273 F.3d 1108, 2001 WL 1131955, at *1 (5th Cir. 2001). "Where information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be. The mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be stricken." *Id*. (citations omitted). A court's denial of a motion to strike is reviewed only for abuse of discretion. *Graves*, 5 F.3d at 1550.

## II.     THE HATE CRIME MOTIVATION GUIDELINES ENHANCEMENT

Section 3A1.1(a) of the United States Sentencing Guidelines provides:

> If the finder of fact at trial or, in the case of a plea of guilty or *nolo contender*, the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person, increase by 3 levels.

Unlike most guideline enhancements, in order to apply at sentencing the enhancement must be found beyond a reasonable doubt by the finder of fact at trial, as the text of § 3A1.1(a) states. In a jury trial, that would of course be the jury. In order to put a defendant on notice of this allegation, the government has in many other cases included a special finding allegation in the indictment. *See United States v. Jiang*, Case No. 1:24-CR-65 (RDA), 2025 WL 419531, at *10-12 (E.D. Va. Feb. 6, 2025) (noting the inclusion of two special finding allegations in the indictment in question and further noting, in Footnote 6, the government having "provided the Court with a number of similar cases in which special findings were part of the indictment"); *United States v. Barnes*, Case No. 2:23-CR-0097-JAW-1, 2025 WL 1707677, at *1 (D. Maine June 18, 2025) ("The indictment included a special finding that [defendant] intentionally selected his victim…as

the object of the offense…because of [victim's] actual and perceived race.").

III.     **ARGUMENT AND AUTHORITIES**

A.     **Including the Special Finding in the Second Superseding Indictment is Necessary and Proper to Give Defendant Notice of the Allegation**

Absent inclusion of a special finding in the indictment, a defendant would not be given notice of the allegation that their crime was motivated by hate or that the government planned to seek such a finding. An indictment must be "a competent and forthright attempt to notify the accused of the extent of his alleged culpability." *Nelson v. United States*, 406 F.2d 1136, 1138 (10th Cir. 1969). Accordingly, the inclusion of the special finding in the Second Superseding Indictment is both necessary and proper in this case to put Defendant on notice of that allegation and avoid any claim of unfair surprise at trial or sentencing.

B.     **The Special Finding is Not Surplusage**

The special finding allegations in the Second Superseding Indictment[1] are not "irrelevant, inflammatory, and prejudicial" and thus do not qualify as surplusage. *Graves*, 5 F.3d at 1550. This same issue was considered and rejected by the district court in *United States v. Jiang*. 2025 WL 419531, at *10-12 (E.D. Va. Feb. 6, 2025). In *Jiang*, the defendant was indicted for one count of attempted obstruction of free exercise of religious beliefs in violation of 18 U.S.C. § 247(a)(2), one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and one count of transmitting in interstate and foreign commerce a threat to injure the person of another in violation of 18 U.S.C. § 875(c). *Id*. at *1, *11. The indictment included special findings with regard to the first and third counts that alleged, "The defendant…intentionally

---

[1]  Both special findings allege, with respect to Counts 1 and 2, "that Defendant Burger intentionally selected a Christian concert as the object of his threat because of the actual and perceived religion of individuals associated with the Christian concert."

selected the victims of [the alleged offense] because of their actual and perceived religious beliefs." *Id*. at *11. The defense moved to strike the special findings from the indictment as surplusage. *Id*. at *10. The court denied that motion, finding "that the special findings are neither irrelevant nor prejudicial to Defendant." *Id*. at *11. The court explained that "evidence of religious hostility" was specifically relevant "toward Defendant's motive" and whether he "intended to transmit a true threat against the congregants of Park Valley Church." *Id*. (citation omitted). The court further found that the special findings were not "overly inflammatory or prejudicial, particularly when viewed through the lens of the crimes alleged in this case." *Id*. at *12.

Similar to *Jiang*, the special finding allegations in this case are relevant and not overly inflammatory or prejudicial. The defendant's motive for making the threats alleged in Counts 1 and 2 is clearly relevant to the jury's determination of whether Defendant is guilty of those counts. His animus toward Christians goes to his motive to make the alleged threats, and thus is "sufficiently relevant to the charged offense." *Solomon*, 2001 WL 1131955 at *1; *Jiang*, 2025 WL 419531 at *11. For that reason alone, the motion to strike should be denied.

Nor are the special finding allegations overly inflammatory or prejudicial. Defendant's animus toward Christians is already explicitly suggested by Counts 1 and 2. In both counts, Defendant is accused of making statements about his plans to attack a Christian concert and "deal a grievous wound upon the followers of the Cross." Second Superseding Indictment [#120] at 1-2. In Count 2, he is further accused to making these statements in the context of achieving martyrdom. *Id*. at 2. These allegations already suggest animus toward Christians motivates the Defendant's alleged actions, so simply asking the jury to expressly consider that question is not "overly inflammatory or prejudicial, particularly when viewed through the lens of the crimes alleged in this case." *Jiang*, 2025 WL 419531 at *12.

4

**C.      The Cases Cited by the Defense Do Not Require or Support Striking the Special Findings**

None of the cases cited by the defense actual hold that a special finding like the one included in the Second Superseding Indictment should be struck as surplusage. Instead, the defense essentially argues that because courts in other cases have found the requirement under U.S.S.G. § 3A1.1(a) that the hate crime motivation be found "by the finder of fact at trial" satisfied despite an express special finding, the special finding is unnecessary surplusage. But those cases involve different facts and charges than the counts alleged in this case. The courts found that because either the specific charges or facts of the case necessarily imputed a hate crime motivation, and the jury found the defendant guilty of the charges, that was sufficient for the court at sentencing to find that the evidentiary requirement of § 3A1.1(a) had been satisfied. But none of those courts prohibited the government from seeking an explicit special finding from the jury at trial nor including such an allegation in the indictment. Instead, it would make logical sense, and avoid forcing a judge to later decide whether a general guilty verdict necessarily implied an adverse hate crime motivation finding, to simply ask the jury to make an explicit special finding.

This would be especially important in a case that does not involve a hate crime count. Section 3A1.1(a) can apply to any crime that is motivated by "the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person." U.S.S.G. § 3A1.1(a). Some hate crimes would certainly overlap with that finding. But many other crimes, including the crimes alleged in Counts 1 and 2 of the Second Superseding Indictment, can be committed without a hate crime motivation. People can, and do, commit the crime of Interstate Threatening Communication in violation of 18 U.S.C. § 875(c) without doing so for one of the impermissible reasons articulated in § 3A1.1(a). As a result, asking the jury to

make that determination expressly will remove any possible ambiguity from their verdict.

The government therefore respectfully requests that the Defense Motion to Strike Surplusage be denied.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

  /s/_____
KEITH HENNEKE
Assistant United States Attorney
Texas Bar No. 24054497
903 San Jacinto Blvd., Ste. 334
Austin, Texas 78701
(512) 370-1291

MARK T. ROOMBERG
Assistant United States Attorney
Texas Bar No. 24062266
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System that will transmit notification of such filing to the following CM/ECF participants:

Jose Gonzalez-Falla
Charly Herring
Attorneys for Defendant

_____/s/_____
KEITH HENNEKE
Assistant United States Attorney

7