EXHIBIT

1

June 2, 2026

The Honorable Judge David Counts
United States District Court
200 East Wall
Midland, Texas 79701

Dear Judge Counts,

My name is Thomas J. Burger, and I write on behalf of my grandson, James Burger. First, I want to thank Judge Albright, who was previously presiding over this case, for allowing James to reside with me in Florida while awaiting trial. This opportunity has had a meaningful and positive impact, enabling James to begin rebuilding his life. I understand that you are now in charge of the case. I write now to share how home detention/electronic monitoring interferes with James's pursuit of educational and employment goals, and why it is unnecessary in James's case.

On November 24, 2025, after James spent nine (9) months in custody, Judge Albright found the indictment to be illegal and ordered it dismissed. Judge Albright also ordered James to be freed from jail without setting conditions of release. Our family united to support James. We made sure he took part in counseling and stopped his online activities. The government appealed James's release. On December 29, 2025, I addressed Judge Albright at the detention hearing where the government tried to return James into custody. James had been free for a month. He had spent Thanksgiving and Christmas with family and was doing well. At the detention hearing, I told Judge Albright that James would continue to attend mass with me, continue weekly counseling, seek employment, complete his high school education, perform volunteer work (as I do), and focus on becoming a contributing member of society. I told Judge Albright that James agreed to these requirements. James also understood that I would report any breach of these commitments to Judge Albright. I asked Judge Albright to give James a chance to prove he understood his mistakes and felt the suffering that he had caused his family. Judge Albright gave James this opportunity. Today I am pleased to report that he is honoring all these commitments.

Let me share how. James attends mass weekly at St. John of the Cross in Vero Beach. He also volunteers regularly at our church food bank and was asked to take on expanded responsibilities due to his strong work ethic and positive interactions with parishioners and clients alike. James continues weekly counseling with Parents4Peace. James receives regular mental health care, including prescription medication and counseling services through Treasure Coast Community Health (TCCH).

Getting James back into high school has been more difficult than I expected. When we first got back to Florida, we met with the high school Principal to register James for school. After we discussed James' situation, she strongly recommended that he wait to begin at the start of the next school year so he would begin with a new senior class. She felt that assimilating into a class mid-term with an ankle monitor would be very difficult, requiring him to continuously explain the details of his case. We determined that it would be far better if the case were resolved, there

was no monitor and he started as a simple relocation student. James was enrolled for the fall 2026 semester, as we expected his case to be resolved by that time. But the government has again appealed Judge Albright's pretrial rulings. There is no trial date set. Unfortunately, he is once again in a holding pattern, unable to move forward with his life.

Finding work has also been difficult for James. He has diligently tried to find a job over the past five months. He has applied to big box stores, retailers and restaurants. He performs well in interviews and has relevant experience; on two occasions he was offered a position on the spot, only to be told the position was filled once a background check was performed. Even if a full background is not performed, a simple google search of his name is a barrier given the negative press. James is able and willing to work; however, the only jobs he has been able to get are day labor opportunities. The requirement for pretrial approval and the inherent delay, before attending interviews, a requirement of home detention, has further limited his potential to find employment.

James was able to obtain his Florida learners permit and we have spent a lot of time practicing driving. While he can pass the driving test I have not allowed him to do so. Frankly I am concerned that an overzealous prosecutor would claim his obtaining a driver's license signifies intent to flee and would move to have him incarcerated once again. This may sound absurd, but the government has a very fixed view of James, and no matter how much James works to transform his life and contribute to his community, the government remains fixed in its view of James as a dangerous young man. I can assure you that they are mistaken about this. I am with James every day.

Since we do not yet have a trial date, I respectfully request that James's ankle monitor be removed and that he no longer be subject to home detention so that he may conduct his affairs without planning a week in advance and getting approval from pretrial services.

This would allow for more time with extended family, allow him to dress for the weather without fear of stigma, and to have some normalcy pending trial. James and I have spent countless hours talking about life, family, and what it means to be a good man; he continues to put the work in. If this request is granted, I assure Your Honor that James will not squander the opportunity.

Thank you for your consideration.

Sincerely,

Thomas J. Burger