**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 1:25-CR-00332-DC** |
| | ) | |
| **JAMES WESLEY BURGER** | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION CORRECT RELEASE ORDER**

The United States opposes Defendant James Burger's Motion to Correct Release Order to Reflect Conditions of Release Pronounced in Open Court [#154].

First, Judge Albright's statements at the hearing are totally consistent with the written order. Judge Albright ordered home detention, *see* Tr. of Dec. 29, 2025 Detention Hr'g. at 43:24-25 ("[T]he home detention with electronic monitoring certainly seems appropriate to me."); 56:23-24 ("I am going to order home detention."), but with some exceptions, all of which are listed in the written order. Order Setting Conditions of Release [#104] at 2 ("**Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits, court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.") This is consistent with Judge Albright's statement that he was not granting as broad of a limitation as that requested by the government, *see* Tr. of Dec. 29, 2025 Detention Hr'g. at 63:3-5 ("[B]ut he is not as the government asked for limited to being in the home except for when he goes out for the counseling."), and his statement that he would "defer" to pretrial (*id.* at 63:6-14) is consistent with the order providing an exception for "other activities" approved in advance by pretrial.

Second, the fact that Mr. Burger has been on home detention for almost eight months since the detention hearing and the Court's order regarding conditions of release demonstrates that the written order has been clear to the parties all along. The detention hearing was on December 29, 2025, and no objection to Pretrial's application of the home detention requirement was raised until August 19, 2026. On June 18, 2026, the defense filed an Opposed Motion to Amend Conditions of Release [#153], seeking to "remove the home detention condition" and conceding that "Judge Albright once again set conditions of release, but this time included home detention with electronic monitoring." Def.'s Opposed Mot. to Amend Conditions of Release at 1-2. That motion also noted a prior incident when Mr. Burger had been warned about the need to comply with Pretrial's "schedules for approved absences from his residence." *Id*. at n.1. This evidence shows that it was the general understanding of the parties following the detention hearing that Mr. Burger was ordered to be on home detention as a condition of his release with only those exceptions allowed by the written order, including exceptions "approved in advance by the pretrial services office or supervising officer." There is accordingly no basis to correct the written order.

Defendant's Motion to Correct Release Order to Reflect Conditions of Release Pronounced in Open Court [#154] should accordingly be denied.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

/s/
KEITH HENNEKE
Assistant United States Attorney
Texas Bar No. 24054497
903 San Jacinto Blvd., Ste. 334
Austin, Texas 78701
(512) 370-1291

MARK T. ROOMBERG
Assistant United States Attorney
Texas Bar No. 24062266
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System that will transmit notification of such filing to the following CM/ECF participants:

Jose Gonzalez-Falla
Charly Herring
Attorneys for Defendant

/s/
KEITH HENNEKE
Assistant United States Attorney