**FILED**
September 16, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **A:25-CR-00332-DC** |
| | § | |
| **JAMES WESLEY BURGER** | § | |

**ORDER CLARIFYING CONDITIONS**

Pending before the Court is Defendant James Wesley Burger's Motion to Correct Release Order to Reflect Conditions of Release Pronounced in Open Court (the "Motion").[1] Having considered the relevant submissions, the record, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

On December 29, 2025, the Honorable District Judge Alan Albright held a hearing regarding, in part, Defendant Burger's Motion to Revoke Detention Order.[2] Judge Albright orally set conditions for release. A written order, purportedly with inconsistent conditions at issue here, followed shortly thereafter.[3] Now, nearly a year later, Defendant Burger seeks clarification and correction, alleging irreconcilable differences between the oral and written mandates.

When an actual conflict between the oral pronouncement and the written judgment exists, the oral pronouncement controls.[4] But disposition turns on whether the purported

[1] Doc. 154.
[2] Doc. 98.
[3] Doc. 104.
[4] *United States v. Mireles*, 471 F.3d 551, 557–58 (5th Cir. 2006) (first citing *United States v. Wheeler* 322 F.3d 823, 828 (5th Cir. 2003); then citing *United States v. Moreci*, 283 F.3d 293,

discrepancy is a true conflict or merely an ambiguity to be resolved by reviewing the rest of the record.[5] If the written order broadened the restrictions or requirements of Defendant Burger's release from the oral proclamation, a true conflict exists.[6] Otherwise, the Court may clarify.

Here, Defendant Burger leverages permissive verbiage in support of his ask: "I'm not going to require him to remain in his house" and, "I want it to be clear he is not – he's going to be staying at the grandfather's home, but he is not as the government asked for limited to being in the home . . . ."[7] In doing so, Defendant delineates what he believes to be a stark contrast with the written order, which mandates home detention.[8] Indeed, viewing these fragments in isolation and without the benefit of context, Burger may find himself in a legal straitjacket—engaging in behavior that is both permitted and prohibited at the same time. However, a cursory review of the pertinent portions of the transcript reveals Judge Albright's true intent: home detention with exceptions.[9] For example, should Defendant Burger want to travel, Judge Albright requires communication with Pretrial Services.[10]

---

299–30 (5th Cir. 2002); and then citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)).

[5] *Id.* at 558 (citing *United States v. Torres-Aguilar*, 352 F.3d 934, 935–36 (5th Cir. 2003)).

[6] *Id.* (citing *Wheeler*, 322 F.3d at 828).

[7] (Doc. 154 at 1). Notably, this selected excerpt omits the end of the quote: "except for when he goes out for counseling." (Doc. 110 at 63:4–5).

[8] Doc. 104 at 2.

[9] While Judge Albright, at the hearing, said, "I'm not going to require him to remain in his house[,]" the written order is not inconsistent in that home detention is the status quo, except for "employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer." (*Compare* Doc. 110 at 57:2–3, *with* Doc. 104 at 2).

[10] Doc. 110 at 55:3–6.

Likewise, Judge Albright conveyed an interest in Burger joining a school.[11] In fact, Judge Albright made his ruling explicitly clear—"I am going to order home detention, but I will allow Defendant Burger to attend church with his grandfather or a relative as long as they're in attendance."[12]

The written order does not broaden Defendant's supervised release restrictions or requirements. Through this lens, Burger identifies an ambiguity—a verbal scrivener's error and not a true conflict—and this Order, in conjunction with the record, serves to clarify Judge Albright's ruling. Defendant Burger is therefore restricted to home detention; he may leave the home, *with permission*, in accordance with the constraints found in the written order and must maintain GPS monitoring.[13] But he may not move about freely as if the home restriction were illusory.

Accordingly, the Motion is **GRANTED** insofar as clarification is requested; however, the Motion is **DENIED** as to the request to strike the condition requiring home detention.

[11] *Id.* at 63:8–9.
[12] *Id.* at 56:23–57:1.
[13] *See* Doc. 104.

Additionally, should the Parties require further explication, they may request an in-person hearing by filing the appropriate motion. The Court will oblige at the earliest time practicable.

It is so **ORDERED**.

SIGNED this 16th day of September, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE